# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JEAN-SEBASTIEN VILLA, <u>et al.</u>**

   **Plaintiffs,**

       **v.**

**EDUARDO PÉREZ-CACHO, <u>et al.</u>,**

   **Defendants.**

**CIVIL NO. 20-1586 (PAD)**

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is plaintiffs' *pro se* "Motion for Default Judgment" (Docket No. 14). The motion stands unopposed and for the reasons that follow, it is GRANTED.

## I. BACKGROUND

On October 27, 2020, plaintiffs, Jean-Sebastien Villa and Evaristo Pineda, initiated this action against Eduardo Pérez-Cacho and Carlos Pérez-Cacho, seeking specific performance of an option agreement providing them with the exclusive right to purchase an apartment located in San Juan, Puerto Rico (Docket No. 1). On November 20, 2020 (Carlos Pérez-Cacho) and November 25, 2020 (Eduardo Pérez-Cacho) were served with process (Docket Nos. 3 and 4). They never appeared here. On January 20, 2021, the Clerk entered default (Docket No. 13). On January 26, 2020, plaintiffs moved for a default judgment (Docket No 14).

## II. FINDINGS OF FACT[1]

Plaintiffs are residents of Silver Spring, Maryland (Docket No. 1-4). Defendants, who

---

[1] These findings reflect the well-pleaded allegations of the Complaint, as supplemented by the documents attached thereto and the declarations under penalty of perjury submitted as exhibits to plaintiffs' "Motion for Default Judgment" (Docket Nos. 1 and Docket No. 14, Exhs. 1 and 2).

reside in Puerto Rico, are the registered owners of an apartment located in Condominium Torre Cielo, in San Juan, P.R. (Docket No. 1, Exh. 4 and Exh. 5). On August 3, 2020, the parties executed a "Purchase Option Contract" ("Contrato de Opción de Compraventa") for the purchase of the apartment (Docket No. 1, Exhs. 3 - Spanish version of the Contract and 4 - English version of the Contract). As relevant, the contract provides that: (i) defendants– identified as Sellers and owners of the property – granted plaintiffs – identified as buyers – the option to buy the Apartment (Docket No. 4, Section II); (ii) the purchase price was set at $91,000.00 (id., Section IV, 3); (iii) for the Option, plaintiffs paid – and defendants acknowledged receipt – of $4,000.00 as a deposit that would be credited against the sale price (id., Section IV, 4); (iv) the parties established a 60-day term for executing the public deed of purchase and sale (id., Section IV, 2); (v) plaintiffs were required to secure financing (id., Section IV, 6, 8-9); (vi) the deed of purchase was going to be prepared by the Notary Public chosen by defendants (id.); (vii) the property included certain equipment, to wit: a refrigerator, stove, and water heater (id., Section III); and (ix) the appraisal was equal to, or greater than, the agreed selling price. However, if the value of appraisal was less than the selling price, the parties would negotiate (id., Section IV, 24). The Contract was extended until October 30, 2020 (Docket No. 1, Exh. 4 "Purchase Contract Extension").[2]

On September 21, 2020, plaintiffs obtained approval from Oriental Bank to finance the property (Docket No. 1, p. 4, III. C). The closing date was set for October 13, 2020, at 3:00 p.m. Co-defendant Eduardo Pérez-Cacho did not, however, show up and refused to attend the closing,

---

[2] Further, Section IV, 10 provides the reasons agreed upon by the parties that would **not** constitute just cause for noncompliance with the Contract: (1) failure to provide necessary information; (2) voluntary delays in the delivery of documents; (3) not having funds available for closing; (4) not being able to verify income; (5) voluntarily not complying with the agreed terms; (6) change of employment, or other personal reasons. See, Docket No. 1-7, p. 6.

even after multiple calls from the seller's agent, representatives of the bank, and plaintiffs (Docket No. 1, p. 4, III. D).[3] Through an attorney, plaintiffs sent him a letter demanding specific performance of the Option Contract (Docket No. 1-8, Exh. 5). The letter reiterated plaintiffs' diligence in securing financing to buy the property pursuant to the terms of the Contract; explained that Pérez Cacho was required to appear at the closing on October 13, he failed to do so; stated that plaintiffs were ready, willing, and able to execute the deed of purchase; required Perez Cacho to confirm his availability to appear in Oriental Bank on a new date (October 16, 2020) to complete the closing process; and warned him that failure to comply with the Contract would force plaintiffs to file a legal action to request, among others, specific performance, expenses caused by the delay in closing, and damages (Docket No. 1, p. 4, III. D and Exh. 5). The letter was sent by e-mail to destino116@gmail.com. Id.

On October 14, 2020 at 3:35 p.m., Eduardo Pérez-Cacho replied to the e-mail stating that: "[g]iven that I have previously established that I will not attend, that a Bank staff member called to ask the same [sic] I did not request or give an indication to do a closing because my brother has been profiting from that apartment and it is a factor that I am not going to overlook. As the interest to sell is my brother's he should solve it before selling and I doubt that he will have anything left to claim from this inheritance" (Docket No. 1, p. 4, III. D and Exhibit 5).[4] Yet, plaintiffs are "ready, willing and able to sign the deed of sale" (Docket No. 1, Exh. 4 "Purchase

---

[3] It is unclear from the allegations whether co-defendant Carlos Pérez-Cacho appeared at the bank for the closing.

[4] In Spanish, the response reads as follows: "[d]ado a que he establecido anteriormente que no asistiré, que un personal del Banco me llamo [sic] para preguntar lo mismo no solicité ni di indicio de hacer un cierre porque mi hno. se ha estado lucrando de ese apartamento y es un factor que no pienso pasar por alto. Como el interés de vender es de mi hno. que resuelva antes de vender y dudo que le sobre algo para reclamar de esta herencia." (Docket No.1, Exh. 5).

Contract Extension"), the apartment fits their needs and desires, and the contract price is within their financial means. Thus, they request the court to order specific performance of the Contract.[5]

### III.   DISCUSSION

**A.  Option Contracts Under Puerto Rico Law.**

The substantive law of Puerto Rico "governs the instant diversity action based on Puerto Rico contract law." Mega Media Holdings, Inc. v. Aerco Broadcasting Corp., 852 F.Supp.2d 189, 199 (D.P.R. 2012). The Puerto Rico Civil Code of 1930, P.R. Laws Ann. tit. 31, was silent on option contracts.[6] To fill the gap, the Supreme Court specified its contours. Id. at 200. To this end, the Court defined an option contract as "the agreement by which a party (called grantor, promisor, or optionor) grants to the other (called the optionee), for a fixed term and under certain conditions, the faculty, left exclusively at its will, to decide whether to sign a principal contract". Mayagüez Hilton Corp. v. Betancourt, 156 D.P.R. 234, 246 (2002).[7] Essential to the contract are: "(1) the optionee's exclusive power to decide at its sole discretion whether to exercise the option without any other obligation on the optionee's part; (2) the optionee's exclusive right to the option; (3) a specific term for the option; and (4) the conditions therein reflect only the optionee's will." Mega Media Holdings, Inc., 852 F.Supp.2d at 200.

---

[5] In the alternative, plaintiffs request that, if specific performance cannot be granted, the court grant them damages in the amount of $5,000.00 against Eduardo Pérez-Cacho for all expenses incurred for the purchase of the property as well as mental damages (Docket No. 1, p. 5).

[6] A new Civil Code became effective in Puerto Rico in November 2020. See, Law 55 of June 1, 2020. Given that the case was brought to the court prior to the effectiveness of the new Code, this memorandum will evaluate plaintiffs' allegations consistently with the Puerto Rico Supreme Court's pre-November 2020 analysis of those contracts.

[7] Certified translation included as Exhibit A.

As a general rule, the optionee may exercise the option by simply notifying the promisor of the intent to execute the agreement that they agreed to execute in the option agreement. See, See, Matos-Lorenzo v. Rivera Tirado, 181 D.P.R. 835, 849 (2011)(so recognizing).[8] The parties, however, may agree that the exercise of the option may be subject to certain conditions, including, for example, that the exercise of the option must be accompanied by payment of the agreed purchase price. Id. at 847-848. Once the parties' consent to the terms of the option contract, they are bound by its terms, which becomes the law between them. Id. at 843.

### B. The Contract.

In this case, the parties entered into a valid and enforceable Contract, pursuant to which, defendants conferred upon plaintiffs the right to exercise the option to buy their property within 60 days. That term was later extended until October 30, 2020. It was agreed that plaintiffs would pay $4,000.00 for the option and that this amount would be subtracted from the total purchase price if they exercised the option.

Within the stipulated period, plaintiffs exercised their option and fulfilled necessary conditions to ensure the timely approval of the financing and execution of the deed of purchase. And so, the closing date was set for October 13, 2020 at 3:00 p.m. But co-defendant Eduardo Pérez-Cacho did not comply with his obligation under the Option Contract by failing to attend the closing on October 13, 2020 at 3:00 p.m. Further, defendants have not appeared here or in any way demonstrated that there is a factual or legal impediment that would make specific performance of the Contract impossible. Under these circumstances, plaintiffs are entitled to a default judgment.

---

[8] Certified translation attached as Exhibit B.

Villa, et al v. Perez-Cacho, et al
Civil No. 20-1586 (PAD)
Memorandum and Order
Page 6

### IV.      CONCLUSION

For the reasons stated, plaintiffs' pro se "Motion for Default Judgment" (Docket No. 14) is GRANTED.  Defendants are ordered to comply with the terms of the Contract and appear at the closing on a date not later than 20 days from today to execute the corresponding deed of sale and sign all the required closing documents.  They are forewarned that failure to comply may result in an order authorizing the U.S. Marshal to proceed at once and execute a deed and the closing documents for conveyance to plaintiffs of the following property:  Condominium Torre Cielo, Apartment 19-D, 1481 Martin Travieso Street, San Juan Puerto Rico.  At the closing, plaintiffs shall deliver to defendants – or the U.S. Marshals – a check for the amount of the purchase price discounting the deposit of $4,000.00.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of July, 2021.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
