CERTIFIED TRANSLATION

1        Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

## JUDGMENT

**NOTE:** THIS DOCUMENT CONSTITUTES AN OFFICIAL DOCUMENT OF THE SUPREME COURT THAT IS SUBJECT TO THE CHANGES AND CORRECTIONS OF THE COMPILATION AND OFFICIAL PUBLICATION PROCESS OF THE DECISIONS OF THE COURT. ITS ELECTRONIC DISTRIBUTION IS DONE AS A SERVICE TO THE COMMUNITY.

**BEFORE THE SUPREME COURT OF PUERTO RICO**

Pedro Matos Lorenzo, Antonia Gonzalez Garcia, *respondents* v. Carmelo Rivera Tirado, Olga Freytes Borrero, and their Community Property Marital Partnership; Amarilis D. Navedo Davila, *petitioners*

*Number*: CC-2010-256                    *Issued on:* May 11, 2011

Court of Appeals (Bayamon and San Juan Judicial Regions) *Judge delivering the opinion*: Hon. Emmalind Garcia Garcia.

Marisela Guzman Delgado, attorney for the petitioners; Sharon M. Hernandez Lopez, attorney for the respondents.

## JUDGMENT

San Juan, Puerto Rico, May 11, 2011

Upon evaluating the petition for writ of *certiorari*, the petition is granted. Accordingly, we issue judgment revoking the decision of the Court of Appeals and reinstating the decision issued by the Court of First Instance.

So it was pronounced, ordered by the Court and certified by the Clerk of the Supreme Court. Associate Justice Ms. Rodriguez Rodriguez wrote a concurring Opinion, joined by Chief Justice Hernandez Denton and Associate Justice Ms. Fiol Matta. Associate Justice Martinez Torres concurred in judgment, without a written opinion. Associate Justice Pabon Charneco and Associate Justice Rivera Garcia dissented, without a written opinion. Associate Justice Mr. Colton Caraballo did not intervene.

Aida Ileana Oquendo Graulau
Clerk of the Supreme Court



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

2        Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

Concurring opinion written by Associate Justice Ms. Rodriguez Rodriguez, joined by Chief Justice Mr. Hernandez Denton and Associate Justice Ms. Fiol Matta

San Juan, Puerto Rico, on May 11, 2011

This writ allows us to expand our pronouncements regarding the option contract. In particular, today we are examining whether the parties to an option contract can establish the *manner* in which the right of option will be exercised. Following the principle of contractual autonomy, I consider that the contracting parties may set, in addition to the period of time during which the option may be exercised, the manner in which it must be exercised; steering away from the traditional concept, which only requires the mere declaration of will for the effective exercise of the option.

I.

On March 21, 2006, Pedro Matos Lorenzo and Carmelo Rivera Tirado signed an Option Contract for the purchase of a commercial property, fixing the sale price at $130,000. Under such contract, Mr. Rivera Tirado granted Mr. Matos Lorenzo the option for a term of 30 days, that is, until April 20. The latter paid a premium of $3,000, which amount would be deducted from the sale price once the option was exercised. The terms and conditions agreed to by the parties, from which the controversy we are adjudicating today arose, provide:

> FIRST: THE SELLER agrees to give to the other party the first option on the property described …, stipulating the sale price in the amount of [130,000.00].
>
> ….
>
> Third: The parties agree that the amount of [130,000.00] will be paid in the following manner: today, the amount of [3,000.00] will be paid for the option, and the remaining [127,000.00] will be paid within thirty (30) days from today.
>
> ….
>
> FIFTH: In case of breach or if the parties are unable to sign the required deeds, as the result of an act or



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

3         Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

the negligence of THE OPTIONEES, the latter will lose the option granted today. In the case that THE SELLER is unable to sign the deed, it will be obligated to return the option granted to THE OPTIONEES.

SIXTH: If the term of this option expires and the deed has not been signed, this contract will become null and void and THE SELLER will be free to sell the property to another potential buyer.

After signing the contract, Mr. Matos Lorenzo and his wife, Ms. Antonia Gonzalez Garcia, began the procedure with a banking institution to obtain financing for the purchase. Although the above-referenced institution approved the loan application on April 5, 2006, the processing of the same took several additional weeks. Finally, the bank notified to both parties that the closing of the sale and of the loan would be done on April 22, 2006. Notwithstanding, Mr. Rivera Tirado (optionor-seller) did not attend the closing. Instead, on May 3, 2006, he sold the property to a third party: Ms. Amerilis Navedo Davila.

Subsequently, Mr. Matos Lorenzo and Ms. Gonzalez Garcia, along with their community property marital partnership, filed in the Court of First Instance a suit for breach of contract and damages against Mr. Rivera Tirado, Ms. Olga Freytes Borrero, and the community property marital partnership of the latter. In short, the plaintiffs alleged that after signing an option contract with the defendants, before the end of the term agreed upon in the contact, they notified them that they wanted to purchase the property. They also alleged that the defendants knew of their efforts to obtain financing for the purchase and that, both the bank and the plaintiffs, notified them of the loan approval on April 5, 2006.

Furthermore, the plaintiffs alleged that while negotiating the loan with the bank, the bank informed the defendants that the institution would have to retain a portion of the sale price to pay off a tax debt. This resulted, as alleged in the complaint, in the



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

4         Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

## CONCURRING OPINION

defendants stating that they would then prefer to sell the property to another person who could make the payment in cash.

After the trial on the merits, the Court of First Instance issued judgment dismissing the complaint. It determined that when the 30 day-term provided in the contract ended on April 20, 2006, the plaintiffs were not ready or willing to make the purchase, nor had they agreed to an extension of the option contract with the defendants. The court also held that, on April 20, the financial institution had not yet received various documents that were indispensable to grant the loan. Based on the foregoing, the trial court held that the defendants could refuse to make the sale and could sell their property to any other buyer, as in fact they did on May 3, 2006.

The plaintiffs appealed the above-referenced decision to the Court of Appeals. They asked the court to revoke the decision of the trial court because, according to them, it erred in "concluding that the execution of an option contract is subject to the execution of the sale contract and not to the affirmation by the optionee that the sale contract will be executed." The appellate court revoked the appealed decision and remanded the case to the Court of First Instance. Said court also concluded that, setting aside the issue of whether the sale contract was executed within the term, it was necessary for the trial court to adjudicate whether the plaintiffs had exercised their option within the 30 day-term that they were granted under the option contract.

Complying with the order of the Appeals Court, and after giving the parties the opportunity to present additional evidence, the Court of First Instance issued a new judgment dismissing the complaint. In its decision, which included all of the determinations in the first judgment, it clarified that the plaintiffs did not exercise their option through affirmative acts within the agreed-upon term. The judgment was notified on July 30, 2009.

Still not satisfied, on August 28, 2009, the plaintiffs filed another appeal in the Court



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

5      Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

of Appeals, reiterating the claims made in their original appeal and alleging that they had stated their intention to make the purchase within the term granted. For their part, the defendants opposed the appeal and alleged that the plaintiffs did not make any affirmative acts or exercised their right of option in accordance with the terms of the contract.

After hearing the arguments of the parties, the Court of Appeals "modified"[1] the appealed judgment in a decision notified on February 25, 2010. It stated that the right of option is exercised with the simple affirmation by the optionee of its intention to execute the sale contract; therefore, it is unnecessary for the final transaction to take place within the term given to exercise the option. Therefore, and since it believed that the plaintiffs had in fact communicated to the defendants their interest in acquiring the property that was the object of the option within the 30 day-term given in the contract, and that the latter knew of their efforts to obtain financing for the purchase, the appellate forum concluded that the plaintiffs had exercised their right of option in time and the defendants had violated the option contract. Based on the foregoing, the court remanded the case to the trial court for the calculation of the damages suffered by the plaintiffs as a result of the breach of contract by the defendants.

On March 26, 2010, the defendants turned to this Court via a petition for writ of *certiorari*. There, they alleged that they did not breach the option contract because they kept the property out of the market for a term of thirty days and it was not until such term expired, without the respondents exercising their right of option as agreed, that they decided to sell the property to a third party. They added that "this case involves an option contract with restrictive clauses that establish the manner in which the option may be exercised." Petition for Writ of *Certiorari*, page 9. Furthermore, the petitioners submit that the respondents did not perform affirmative acts to exercise their right

---

[1] Although the judgment of the appeals forum provides that it is modifying the appealed judgment, by ruling in favor of the action that the lower court had dismissed, the Court of Appeals actually revoked the judgment issued by the Court of Appeals.



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

6	Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

of option and that the Court of Appeals erred when it intervened with the findings of fact of the Court of First Instance.

Upon reviewing the petition, on October 15, 2010, we granted to the respondents a term to show cause as to why we should not issue the requested writ and revoke the judgment issued by the Court of Appeals. On November 9, 2010, the respondents filed their opposition. The parties having submitted their arguments, we are now in a position to rule.

II.
A.

The contours of the option contract in our legal system have been delineated by case law, due to the lack of applicable rules in the Civil Code. Faced with said omission, we have defined the option contract as "the agreement by which one party (called grantor, offeror or optionor) gives the other party (called optionee), for a fixed term and under specific conditions, the right, at his sole discretion, to decide whether to execute a main contract." *P.D.C.M. Assoc. v. Najul Bez*, 174 D.P.R. 716, 724 (2008), citing *Mayaguez Hilton Corp. v. Betancourt*, 156 D.P.R. 234, 246 (2002); *S.L.G. Irizarry v. S.L.G. Garcia*, 155 D.P.R. 713, 722 (2001); *Atocha Thom McAn, Inc. v. Registrador*, 123 D.P.R. 571, 583 (1989). This definition contains the essential elements of the option contract. *Mayagüez Hilton Corp. v. Betancourt*, *supra*, page 246. *See also* J. Castán Tobeñas, *Spanish Civil, Common and Forum Law*, Madrid, Ed. Reus, 15th ed., 1993, Tome IV, page 50.

The above-referenced contract grants the optionee the power to determine, within the given term, whether it will execute the definitive contract, that is, the contract that is the subject of the option. Hence, we have adopted the words of treatise writer Puig Prutau to the effect that one does not "just exercise any option, since the option is the possibility of executing a previously delineated contract." J. Puig Brutau, *Fundamentals of Civil Law*, Barcelona, Ed. Bosch, 1982, Tome II, Vol. 2, page 50. Likewise, the optionor must not undermine the faculty of the optionee to exercise the right of option during its effective term. *Mayaguez Hilton Corp. v. Betancourt*, *supra*, page. 250; Castán Tobeñas, op.



7      Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

cit., pages 54-55. In the case of an option to purchase, that would mean caring for the property and keeping it outside of the market so that no third party may acquire it.

As a general rule, the optionee can exercise his right of option simply by notifying the optionor of its intention to execute the agreement that is the subject of the option. *Mayaguez Hilton Corp. v. Betancourt, supra*, page. 246. See also, Puig Brutau, op. cit., page 57 ("The declaration by the optionee is unilateral, taking effect upon receipt, not subject to a specific form, but requiring reliable evidence.") Notwithstanding, said right ends if waived or if the granted term expires and the optionee has not exercised the option- at this point the right will be deemed to have expired. *Mayaguez Hilton Corp. v. Betancourt*, *supra*, page 249.

On the other hand, if the option is exercised within the agreed upon term, the option contract will end and the accepted contract will be executed as previously delimited. *Id.* From then on, and not sooner, is when the parties will have the obligation to deliver the respective considerations under the definitive contract. *See*, *Rosa Valentin v. Vazquez Lozada*, 103 D.P.R. 796, 809-10 (1975), citing the judgment issued by the Supreme Court of Spain on March 23, 1945 ("the reciprocal obligations …, on this basis, will be enforced later, but not within the term established, during which the only thing necessary is to formalize the acceptance").

B.

Furthermore, we have recognized that the general rules regarding contracts and obligations are applicable to the option contract. *Rosa Valentin v. Vázquez Lozada, supra*, page 804; *Perez v. Sampedro*, 86 D.P.R. 526, 529 (1962). *See also*, Puig Brutau, op. cit., page 49. Therefore, the principle of freedom of contract or autonomy of will, under which the parties can stipulate the terms and conditions that they may deem convenient, as long as they do not violate the laws, morals or public order, also apply here. 31 L.P.R.A. sec. 3372; *Alvarez v. Rivera*, 165 D.P.R. 1, 17 (2005); *Velez v. Izquierdo*, 162 D.P.R. 88, 98 (2004); *S.L.G. Irizarry v. S.L.G. Garcia, supra*, pages 724-25; *Trinidad v. Chade*, 153 D.P.R. 280, 289 (2001); *Arthur Young & Co. v. Vega III*, 136 D.P.R. 157, 169-70 (1994); *Plaza del Rey, Inc. v. Registrador*, 133 D.P.R. 188, 192-93 (1993).



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

8          Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

Once the parties give their consent, they are bound by the terms of the contract, which becomes the law between the parties. 31 L.P.R.A. sec. 2994. *Constructora Bauza, Inc. v. Garcia Lopez*, 129 D.P.R. 579, 593 (1991); *Cerveceria Corona v. Commonwealth Ins. Co.*, 115 D.P.R. 345 (1984).

Based on these principles, we have stated that "the scope of the above-referenced option cannot be established without taking into account the specific content that it has been given in the contract." *Zeta Enterprises, Inc. v. E.L.A.*, 145 D.P.R. 1, 10 (1998). So, we have already acknowledged the possibility of the parties establishing that the right of option will be subject to the compliance with certain conditions. *Id. See also, Mayaguez Hilton Corp. v. Betancourt, supra*. In such cases, although a "typical option implies that the holder of the right has the power to decide" whether the definitive contract will be executed, the fact is that the optionee "does not have unlimited power to decide." *Zeta Enterprises, Inc. v. E.L.A., supra*, page 10. As we can see, these "provisions limit the scope of the option, according to the will of the contracting parties." *Id*.

Upon examining these rules, the parties' allegations are discussed below.

III.

The parties in the above-captioned case agree that they executed an option contract in which the petitioners (optionors) granted to the respondents (optionees) the exclusive right to decide if they were going to acquire a commercial property, for the agreed price of $130,000. Likewise, they agree that the option would be in effect for a term of thirty days following the signing of the option contract. However, the parties disagree about whether the above-referenced right of option was duly exercised before the expiration of the option term.

Specifically, the respondents submit that the petitioners had knowledge of their intention to acquire the property and of their efforts with a banking institution to obtain financing for the purchase, all within the granted term of 30 days. Thus,



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

9          Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

as affirmed by the optionees, when they communicated their decision to the optionors, they exercised their right of option, without the need for any further act. On the other hand, the petitioners argue that in this case in particular it was not enough for the optionees to communicate their intention to buy the property for the right of option to be considered exercised, since the contract signed by the parties defined how said right had to be exercised.

The controversy between the parties concerns the *manner* in which the right of option is exercised. The crux of the dispute is the supposed restrictions that the parties included in the option contract regarding the manner in which the optionees could execute said contract. In other words, the issue here is the possibility of the parties agreeing on specific methods of exercising the option. Since our case law does not have rules that directly deal with this issue, we consider it appropriate to make a brief analysis of the civil doctrine.

A.

As mentioned before, the parties to an option contract have full liberty to formulate agreements which adequately meet their needs and interests, as long as they do not violate the law, morals, or public order. 32 LPRA sec. 3372. *See* Michel J. Godreau Robles, *The Option to Purchase in Puerto Rico*, 53 Rev. Jur. UPR 563, 577 (1984) ("When creating their economic relationships, the parties who use these preliminary contracts operate under the principle of the autonomy of will as the creator of the obligations. The parties are the ones who define the limits of their respective responsibilities. In the absence of circumstances that are oppressive or that violate good faith, there is no reason to expect in these contracts results that are different from the ones that could reasonably derive from the economic purpose sought by the contracting parties.") In most cases, the parties to an onerous option contract agree that the optionor will maintain the offer during a certain term, in exchange for a sum of money paid by the optionee, commonly called the "premium." From



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

10         Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

that moment on, the above-referenced contract is considered executed and the optionee -while having the right to exercise the option- does not have any obligation to comply with.

However, the civil doctrine has recognized that nothing precludes the parties from arriving at different results that could be considered atypical. *See* Jose Angel Torres Lana, *The Contract and the Right of Option*, Madrid, Ed. Trivium, 2nd ed., 1987, page 153 ("the parties, once again under the protection of the principle of autonomy of the will, can formulate, at their discretion, the obligations that the optionee must meet, although in practice, and in most cases, this obligation consists in the payment of a sum of money.") For example, in addition to being able to require the fulfillment of certain conditions prior to exercising the option, such as the ones examined in *Zeta Enterprises, Inc. v. E.L.A., supra*, and *Mayaguez Hilton Corp. v. Betancourt, supra*, some academics have affirmed that the parties to the option contract could agree that the exercise of such option must be accompanied by the partial or total payment of the price of the property that is the subject of the sale.

To that effect, Professor Sanciñena Asurmendi has stated that the parties can include in the option contract clauses requiring that the optionee perform certain acts simultaneous to the exercise of the option, such that, if they are not performed, the right of option will be considered not exercised. Camino Sanciñena Asurmendi, *The Option for Purchase*, Madrid, Ed. Dykinson, 2003, page 220. Therefore, she concludes that "when in an option contract, the parties agree that it will be necessary to pay the sale price at the time of exercising the option to purchase, if the optionee does not offer or make the payment, the option will be considered to not have been exercised in the manner agreed upon, regardless of whether it was exercised on time." *Id.*, page 221. *See also*, Puig Brutau, op. cit., page 61 ("By exercising the right of option, the optionee brings into effect the foreseen sale, which shall be pending execution, *regardless of the parties having established that at the moment of exercising the purchaser's option, the same must tender or deposit, in whole or in part, the agreed upon price.*") (Emphasis added and omitted.)



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

11        Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

In light of the novel issue brought to our attention today, the abundant civil jurisprudence of the Supreme Court of Spain is particularly persuasive. As can be seen, said forum has developed a robust doctrine, which has been constantly reiterated and positively sanctions the freedom and autonomy enjoyed by the parties to an option contract to include in it the requirements that they may deem adequate with respect to *the manner in which the optionee must exercise the right of option*. When approving this type of agreement, the Spanish Supreme Court has stated that, on certain occasions, the mere declaration of will is not enough to exercise the option:

> Said exercise is not sufficient in itself when it has been agreed that it must come accompanied by the payment of the partial or total sale price agreed upon. In the above-captioned case, it has been sufficiently proven that the petitioner did not make any payment or outlay, according to the terms of the contract; therefore, the act by the same was incomplete and incompatible with the transaction, resulting in the loss of the efficacy of the option, since there was no faculty to postpone the payment of the price to which the petitioner had agreed and the compliance with which was feasible, as has been established. In consequence, the option must be considered to have expired....
STS No. 941, November 2, 1995.

Likewise, the above-cited Court has concluded that an option contract in which the parties have agreed to the manner in which the option must be exercised -for example, requiring that the optionee make simultaneous payment of the sale price-

> does not contradict the nature of the option contract, or its submission to the general rules governing contracts and obligations, given the principle of the autonomy of the will and the faculty of the grantor, offeror or optionor to impose conditions on the optionee for the acceptance by the same, which also does not contradict his freedom of judgment or discretion, or the traditional jurisprudence still in effect..., which has a general nature, and requires the specifications in each concrete case, since the offer is not always made in a simple manner, but with conditions imposed by the



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

12    Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

offeror regarding the quality of the essentials, such that if they are not strictly complied with, the confluence of offer and acceptance will not take place….
STS, November 17, 1986.[2]

B.

We believe that the norm stated above is the obligatory result of the principle of the autonomy of the will applied to option contracts. Said creative autonomy resulted at one time in atypical rights, such as surface rights and the right of option, not included in our Civil Code. The freedom and flexibility that it grants in Article 1207, 31 LPRA sec. 3372, to individuals who may formulate agreements that are compatible with their interests, limited by the obligation to observe the law, morality, and the public order, allows contractual relations in our jurisdiction to evolve and adequately respond to the exigencies brought by new times. The parties to a contract are the ones that can better decide, through dialogues and negotiations, how their obligations should be configured.

All the above forces the conclusion that under Article 1207, 31 LPRA sec. 3372, the parties to an option contract can establish not only the term during which the option will be in effect, but the manner in which the right of option must be exercised within

---

[2] Other judgments of the Spanish Supreme Court that include the above-referenced doctrine are: STS No. 552, September 17, 2010 ("The freedom of contracts allows the exercise of the option to be subject to the simultaneous delivery of the payment, or its consignment,… in which case such delivery or payment operates as a requisite or unavoidable condition to exercise of the option."); STS No. 927, October 11, 2002 ("we are before an exception to the general rule under which the delivery of the thing or the payment of the price are not required for the exercise of the option to result in the execution of the sale contract"); STS June 24, 1993 ("there may be concrete cases where its exercise will depend on the simple affirmation of a person's will, without requiring payment of the price to the seller until the deed is executed, but in others, as in the case before us, the payment must be made 'on the day on which the option is exercised,' an obligatory requirement per 'pacta sunt servanda' …"). See also, STS No. 752, July 5, 2006; STS No. 865, October 27, 2005; STS No. 467, May 19 2003; STS No. 712, July 6, 2001; STS No. 112, February 14, 1997; STS No. 116, February 25, 1996; STS February 3, 1992; STS June 12, 1992; STS December 1, 1992; STS April 6, 1987; STS July 7, 1986; STS February 6, 1981.



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

13        Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

the term. The methods or restrictions so established must be clear and maintain the unilateral nature of the exercise of an option. Therefore, any act that must be performed in conjunction with the traditional declaration of will to exercise the option, as agreed by the parties, must always be at the sole discretion of the optionee. Hence, the exercise of the option cannot be subject to events that require the participation of the optionor, because that would destroy the unilateral nature of the exercise; essential characteristic of the option contract.

In the event of a declaration of will to exercise the option that does not comply with agreement regarding the manner in which the right had to be exercised, it must be deemed an ineffective act that will not bring the contract into effect. However, while the term to exercise the option is still in effect, the optionee will still have the right and will be able to rectify his conduct by exercising the option in compliance with the agreement between the parties. *See* Javier Talma Charles, *The Option Contract*, Barcelona, Ed. J.M. Bosch, 1996, page 256. If the term expires without the optionee having effectively exercised the option in the manner agreed by the parties, his right will expire.

Lastly, in the absence of an agreement regarding the manner in which the right of option must be exercised, the mere declaration of will by the optionee must be sufficient to bring into effect the option contract and, consequently, execute the definitive contract that was the subject of the option. In these cases, the optionor cannot require any act that was not foreseen in the option contract in order for the optionee to be able to exercise his right. *See* Torres Lana, op. cit, page 262.

Based on the applicable rules stated above, we will now evaluate the option contract signed by the parties in this case. To do so, we must examine the same observing the interpretation rules provided in our Civil Code.[3]

---

[3] Articles 1233 and 1235-37 of the Civil Code, 31 L.P.R.A. secs. 3471, 3473-75, provide:

"If the terms of a contract are clear and leave no doubt regarding the intention of the contracting parties, the literal meaning of its clauses will be observed.
If the words appear to be contrary to the evident intention of the contracting parties, the latter will prevail over the former."



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case 3:20-cv-01586-PAD   Document 20-2   Filed 07/31/21   Page 14 of 16

CERTIFIED TRANSLATION

14        Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

IV.

The controversy between the parties only requires that we evaluate whether the contracting parties defined a specific manner in which the option had to be exercised, steering away from the general rule regarding the exercise of an option through a mere declaration of will.

To that end, a thorough reading of *The Option Contract to Purchase*, *supra*, reveals that the term of thirty days, agreed upon by the parties as the option term, was only established in the third paragraph of the Clauses and Conditions. In that same clause, the parties agreed on the sale price and how the price would be paid; first, the payment of a $3,000.00 premium at the moment of signing the option contract and, second, the payment of the remaining amount **"within thirty (30) days following the day [of the signing of the option contract]"**. *Id*. This instruction to make the payment of the sale price within thirty days is the same one -and the only one- that created the right of option term. Therefore, it is evident that, under the contract stipulation, the term to exercise the option was tied to the payment of the sale price. *The parties did not merely agree on a term to exercise the option, they agreed on a term of thirty days for the optionee to exercise the option by delivering to the optionor $127,000.00.* This agreement, pursuant to the autonomy of the will of the parties, established the manner in which the right of option had to be exercised. And since it is a valid one, the contracting parties had the obligation to fully comply with it.

On the other hand, the sixth clause of the contract provides that "if the term for this option expires and the deed has not been signed, the contract will become null and void and the SELLER will be free to sell the property to another potential buyer." *Id*. The petitioners argue that the cited clause had the effect of submitting the exercise of the option to the execution of the deed of sale. They also allege that since the term

---

"Regardless of how general the terms of a contract are, the same must not be interpreted to include things and cases other than those regarding which the interested parties intended to contract."

"Where a contract clause can be interpreted to have different meanings, the one with the most adequate effect must be chosen."

"The clauses of contracts must be interpreted together, attributing to the unclear ones the meaning that results from the whole."



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

15  Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

of thirty days expired, and the deed had not been executed, the respondents did not exercise their right of option on time and as agreed. As to this point, petitioners are incorrect.

As previously discussed, even though the parties to an option contract enjoy the freedom to establish the time and manner in which the right of option must be exercised, the methods selected by them must maintain the essential characteristics of the right of option. In the case at bar, the petitioners cannot interpret the sixth clause as stated above, since that would entail subjecting the exercise of the option to an event that requires not only an act by the optionee, but also the active participation of the optionor: the deed of sale. In other words, the act to bring into effect the option contract -resulting in the execution of the definitive sale contract- would depend on the will and consent of both parties, instead of on the exclusive will and consent of the optionee. This, without a doubt, is not congruent with an option, which gives only to the optionee the faculty to exercise the right of option. Consequently, the petitioners could not require the execution of said deed as a condition to recognize the effective exercise of the right of option.

Notwithstanding, in light of the above, and pursuant to the stated doctrine, we must conclude that the parties included in the option contract rules concerning the manner in which the right of option had to be exercised. Specifically, they agreed that if the respondents decided to acquire the property that was the subject of the contract, they had to communicate said decision by delivering the sale price –minus the premium- within the term of thirty days following the date of the signing of the option contract. Therefore, the appeals forum erred when it concluded that communicating the intention to acquire the property was enough for the option to be considered exercised.

As proven in the lower forums, the optionees did not put at the disposal of the optionors the sale price ($127,000.00) within the term of the option. So, regardless of whether or not the will of the optionees to acquire the property was notified to the optionors on time, the option was not duly exercised because the option contract was not complied with in terms of the manner in



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

16        Matos Lorenzo v. Rivera Tirado, 2011 TSPR 69, 181 DPR __

CONCURRING OPINION

which the option had to be exercised. *See, Olazabal v. U.S. Fidelity, etc.*, 103 D.P.R. 448, 462 (1975) ("The courts of justice cannot relieve a party from having to comply with what it agreed to do by contract, when said contract is legal, valid, and has no defect.").

In conclusion, when the option term ended, the same expired since it had not been exercised on time and as agreed by the respondents. From then on, the petitioners could put in the market the property that had been the subject of the option and offer the same to any potential buyer, as in fact they did.

Anabelle Rodriguez Rodriguez
Associate Justice



I, Juan E. Segarra, USCCI/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.